```
                  UNITED STATES DISTRICT COURT
              FOR THE WESTERN DISTRICT OF MICHIGAN
                        NORTHERN DIVISION


UNITED STATES OF AMERICA,

         Plaintiff,

v.                                    Case No. 2:05-cr-36

DAVID KENNETH COKER,                  HON. GORDON J. QUIST

         Defendant.
                                   /
```

REPORT AND RECOMMENDATION

Pursuant to W.D. Mich. LCrR 11.1, I conducted a plea hearing in this case on October 18, 2005. At the hearing, defendant entered a plea of guilty to the Indictment, charging Bank Robbery, in exchange for the undertakings made by the government in the written plea agreement. On the basis of the record made at the hearing, I find that the defendant is fully capable and competent to enter an informed plea; that the plea is made knowingly and with full understanding of each of the rights waived by defendant; that it is made voluntarily and free from any force, threats, or promises, apart from the promises in the plea agreement; that the defendant understands the nature of the charge and penalties provided by law; and that the plea has a sufficient basis in fact.

I therefore recommend that defendant's plea of guilty to the Indictment be accepted, that the Court adjudicate defendant guilty of the charges set forth in the Indictment, and that the written plea agreement be accepted at the time of sentencing. It is further recommended that defendant remain detained pending sentencing. Acceptance of the plea, adjudication of guilt, acceptance of the plea agreement, determination of defendant's status pending sentencing, and imposition of sentence are specifically reserved for the district judge.

        /s/ Timothy P. Greeley
        TIMOTHY P. GREELEY
        UNITED STATES MAGISTRATE JUDGE

Dated: October 18, 2005

**NOTICE TO PARTIES**

You have the right to <u>de novo</u> review of the foregoing findings by the district judge. Any application for review must be in writing, must specify the portions of the findings or proceedings objected to, and must be filed and served no later than ten days after the plea hearing. Failure to file objections within ten days constitutes a waiver of any further right to challenge the plea of guilty in this matter. <u>See</u> **W.D. Mich. LCrR 11.1**.